BECERRA, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Guayama Refusing to Record a Mortgage Deed.

No. 424.—Decided August 1, 1919.

RECORD OF TITLE—MORTGAGE—CONJUGAL PARTNERSHIP—LIQUIDATION.—A mortgage created by the surviving spouse on his undivided half interest in certain properties recorded in his name as community property should be recorded if the encumbrance is created subject to the result of the liquidation of the conjugal partnership, although such liquidation may not have been made.

The facts are stated in the opinion.

*Mr. Alfonso Quintana Cajas* for the appellant.

The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Diego Becerra, surviving spouse, as owner of an undivided one-half interest in certain real estate acquired during marriage, executed a mortgage on his interest in such property.

Record of this instrument was refused on the ground that the undivided interest in question had not been duly recorded in the name of the mortgagor after liquidation of the conjugal partnership.

The property in question was already of record in the name of Becerra as community property. The children had been decreed to be the sole and universal heirs of the deceased wife. The husband continued as the record owner of an undivided one-half in the community real estate, subject,

of course, to the result of the liquidation of the conjugal partnership. He did not attempt to mortgage more than this.

Mention of the fact that the real estate interest so encumbered is subject to the result of such liquidation would suffice to warn third persons dealing with the property, and we see no reason why the mortgage should not be recorded, with a proper reference to the apparent omission of a formal liquidation.

The ruling appealed from must be

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.